UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC, as Broadcast Licensee of the March 8, 2014 "Toe to Toe" Saul Alvarez v. Alfredo Angulo Fight Program, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-17-662 |
| RANCHO DE EVENTOS EL CONQUISTADOR, Inc., individually and d/b/a EL CONQUISTADOR a/k/a EL CONQUISTADOR Rancho De Eventos *et al.*, | § § § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for summary judgment filed by plaintiff J&J Sports Productions, Inc. ("J&J") against defendants Rancho De Eventos Conquistador, Inc. and Eleazar Cortina ("Defendants"). Dkt. 17. Because Defendants did not respond to J&J's motion, the court treats the motion as unopposed. S.D. Tex. L.R. 7.4. After considering the complaint, motion, evidentiary record, and applicable law, the court is of the opinion that J&J's motion for summary judgment should be **GRANTED IN PART AND DISMISSED AS MOOT IN PART**.

**I. BACKGROUND**

J&J owns the exclusive license to exhibit and sublicense the closed-circuit live telecast of the March 8, 2014 "Toe to Toe" Saul Alvarez v. Alfredo Angulo Fight Program and accompanying undercard matches ("the Event"). Dkt. 17-1, Ex. A-1 at 1. The Event was legally available to a commercial establishment only if the establishment had a valid license agreement with J&J and paid J&J the required fee. Dkt. 17-1, Ex. A at 5, 7.

On March 8, 2014, Eleazar Cortina, owner of the Conquistador, showed the Event. Dkt.17-1, Ex. C at Response 11–13, 40–41 (deemed admissions by Cortina). Conquistador is a commercial establishment and did not have a valid license agreement with J&J to exhibit the Event. Dkt. 17-1, Ex. C at Response 11–20.

J&J filed suit against Defendants on March 2, 2017, alleging that Defendants violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553[1] and 605[2] ("FCA"), by unlawfully intercepting the interstate communication of the Event and exhibiting the Event to patrons at Conquistador without paying the required sublicense fee. Dkt. 1. On April, 17, 2017, Defendants were properly served with process. Dkts. 5, 6. Defendant's deadline to answer or otherwise respond was May 8, 2017. *See* Fed. R. Civ. P. 12(a). On November 14, 2017, Defendants, *pro se*, filed an answer and response to J&J's complaint lacking sufficient knowledge in paragraphs 1 and 6 and denying only the statement alleged in paragraph 12. Dkt. 11, 12.

On June 29, 2018, J&J served Defendants with requests for admission. Defendants have failed to respond. Dkt. 17-1 Ex. C, D, F. J&J now requests that the court grant summary judgment on its claims under §§ 553 and 605 of the FCA. J&J seeks statutory damages, additional damages, attorney's fees, and post-judgment interest. *Id.*

---

[1] 47 U.S.C. § 553 provides, *inter alia*, that:
    No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[2] 47 U.S.C. § 605 provides, *inter alia*, that:
    No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person. No person being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Liability Under § 605 of the Federal Communications Act

Section 605 of the FCA provides that "[n]o person . . . shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication . . . ." 47 U.S.C. § 605(a). Section 605 is a strict liability statute and applies only to unauthorized interceptions of signals through radio or satellite, not cable communications. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014) (Harmon, J.); *J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir. 2014). J&J has a private right of action to obtain statutory damages under § 605 because it had proprietary rights in exhibiting the Event. *See* § 605(d)(6), (e)(3)(C)(ii). To establish liability under § 605, J&J must

show (1) that the Event was exhibited in Conquistador, and (2) that J&J did not authorize the particular exhibition of the Event. *See Garden City Boxing Club, Inc. v. Vinson*, No. 3-03-CV-0700-BD(P), 2003 WL 22077958, at *3 (N.D. Tex. Sept. 3, 2003); *Joe Hand Promotions, Inc. v. Lee*, No. H-11-2904, 2012 WL 1909348 at *3 (S.D. Tex. May 24, 2012) (Hoyt, J.).

Here, there is uncontroverted evidence that the Conquistador showed the Event on the night of March 8, 2014. This evidence includes the observations by an eye-witness from the night of the Event, the eye-witness' photographs and video, and Defendants' admissions. Dkt. 17, Ex. A, E, C. However, J&J did not authorize the exhibition of the Event at Conquistador. Dkt. 17-1, Ex. A at Response 9. Because (1) the Event was exhibited at Conquistador and (2) J&J did not authorize the exhibition of the Event at Conquistador, Conquistador is liable under § 605.

J&J may also hold Cortina liable under § 605 if it demonstrates that Cortina (1) had the right and ability to supervise the unauthorized activities of the exhibition, and (2) had a direct financial interest in those activities. *J&J Sports Prods., Inc. v. Little Napoli, Inc.*, No. Civ. A. H-13-1237, 2014 WL 3667903, at *2 (S.D. Tex. July 22, 2014) (Miller, J.). Here, Cortina admits that she had the right and ability to supervise the activities at Conquistador on the date of the Event. Dkt. 17-1, Ex. D Responses 44–45. She also admits to having a financial interest in the exhibition. *Id.* at 46. Therefore, Cortina is individually liable under § 605.

In short, because Defendants failed to respond to J&J's motion and there is no genuine issue of material fact, J&J's motion for summary judgment as to its claims under § 605 is **GRANTED.**

### B. Liability Under § 553 of the Federal Communications Act

J&J initially also sought relief under § 553 of the FCA. Dkt. 1, ¶17. However, in its motion for summary judgment, J&J only requests relief under § 605. Dkt. 17, ¶27. The court also need not determine whether § 553 liability applies because J&J cannot recover under both statutes. *Little*

*Napoli, Inc.*, 2014 WL 3667903, at *3; *Entm't by J&J, Inc. v. AlWaha Enters., Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002) ("Recovery generally is not available under both provisions."). Therefore, because J&J prevailed on its § 605 claims, its claims under § 553 are **DISMISSED AS MOOT.**

### C. Remedies

The FCA provides for relief in civil actions once a plaintiff has established liability. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). First, the aggrieved party may recover a minimum of $1,000 and a maximum of $10,000 per violation in statutory damages, as well as costs and attorney's fees. § 605(e)(3)(B)(iii), (C)(i)(II). Second, if the court finds that the defendant acted willfully and for the purpose of private financial gain, the court may increase damages by an amount of not more than $100,000 for each violation. § 605(e)(3)(C)(ii). The express text of the statute explicitly grants courts discretion in awarding additional damages that "the court considers just." *Id.* Third, the FCA authorizes the court to grant injunctive relief to aggrieved plaintiffs. § 605(3)(3)(B)(I).

J&J requests: (1) statutory damages of $10,000; (2) additional damages of $50,000 for Defendants' willful violation of the FCA; (3) attorney's fees in the amount of one-third of its recovery, or alternatively the hourly time presented; (4) attorney's fees for post-trial and appellate services; and (5) post-judgment interest at the highest lawful rate. Dkt. 17, ¶27.

The facts of *Joe Hand Promotions Inc. v. Izalco, Inc.*, No. 4:16-CV-3696, 2018 WL 287792, at *1 (S.D. Tex. Jan. 4, 2018) (Miller, J.), are analogous to the facts here. In *Izalco*, defendants David and Teodoro Aguiluz showed UFC 168 at a bar in violation of § 605 of the FCA. *Id.* In its motion for summary judgment, the plaintiff produced evidence that it would have charged the bar $1,200 in licensing fees. *Id.* at *2. The court awarded $1,200 in licensing fees and an additional

5

$3,800 in additional statutory damages to deter future violations. *Id*. Thus, the court found that statutory damages in the amount of $5,000 was appropriate. *Id.*

J&J produced evidence that it would have charged Conquistador $1,600 to exhibit the event. *See* Dkt. 17-1, Ex. A (the capacity of the establishment was approximately 150 people); *see also* Dkt. 17-1, Ex. A-3 (advertising a charge of $1,600 for a venue seating 101-150 people). Therefore, to compensate J&J for the violation of § 605, the court finds that a statutory award of $1,600 is appropriate. The court also finds that an additional $3,400 is reasonable to deter future violations. Thus, the court **GRANTS** J&J $5,000 in statutory damages.

This case warrants an award of additional damages because Defendants, in receiving the unauthorized satellite signal and displaying the Event, acted willfully and for the purposes of private financial gain. Dkt. 17 ¶17, 20–22. The court finds that an award of additional damages equivalent to double statutory damages is appropriate. *See Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) (Hoyt, J.) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize defendants for willful acts."), *aff'd*, 544 F. App'x. 444 (5th Cir. 2013) (per curiam). Therefore, the court **GRANTS** J&J $10,000 in additional damages. In sum, the court awards $15,000 in total damages jointly and severally against both defendants.

Because Defendants are liable under § 605, Defendants must also compensate J&J for its reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). J&J seeks attorney's fees in the amount of one-third contingent fee, or in the alternative, J&J seeks $2,000 for eight hours of work at $250 per hour. Dkt. 17-1, Ex. B. Based on the affidavit of David M. Diaz and prior court precedent, the court finds an hourly rate of $250 is reasonable in this case. *Id.*; *Izalco, Inc.*, 2018 WL 287792, at *3 ("The court finds that an hourly rate of $250 is reasonable in this case."); *J&J Sports Prods., Inc. v.*

*End Zone Entm't, L.P.*, No. Civ. A. H-13-1240, 2014 WL 12539729, at *4 (S.D. Tex. Oct. 21, 2014) (Hittner, J.) (holding that $250 per hour is reasonable). Therefore, the court awards $2,000 in attorney's fees and full costs under § 605(e)(3)(B)(iii). J&J must file a bill of costs within fourteen days of the entry of final judgment. S.D. Tex. L.R. 54.2.

Finally, J&J requests conditional attorney's fees in the event of the need for post-trial and appellate services. Dkt. 17-2 ¶5. Defendants are unopposed to J&J's request. S.D. Tex. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). Thus, the court agrees with J&J that it should receive conditional attorney's fees.

## IV. CONCLUSION

In conclusion, the court finds that J&J has provided sufficient summary judgment evidence to conclusively prove Defendant's liability under § 605 of the FCA, and that Defendants have failed to demonstrate a genuine issue of material fact. Further, because the court finds liability under § 605, J&J cannot recover under § 553. Accordingly, J&J's motion for summary judgment (Dkt. 17) on § 605 is **GRANTED** and its § 553 claim is **DISMISSED AS MOOT.** The court awards J&J the following:

1. statutory damages in the amount of $5,000;

2. additional damages in the amount of $10,000;

3. all costs, including an award of $2,000 for reasonable attorney's fees;

4. post-judgment interest at the rate of 2.55% per annum from entry of judgment; and

5. conditional attorney's fees in the following circumstances:

    a.    Ten Thousand Dollars ($10,000.00) in the event that the defendant or defendants file(s) a motion to vacate, Rule 60 motion, motion for a new trial,

motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in the action;

b. Fifteen Thousand Dollars ($15,000.00) in the event that a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

c. Five Thousand Dollars ($5,000.00) for making and/or responding to the defendant or defendants' petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

d. Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event the defendant or defendants' petition for certiorari is granted and does not result in a reversal of the judgment obtained in this action;

e. Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

It is so **ORDERED.**

Signed at Houston, Texas on March 7, 2019.

_____
Gray H. Miller
Senior United States District Judge